# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| ROBERTA A. CARTER, | Case No. EDCV 10-959 (SH) |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed its supporting brief.

After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On March 29, 2005, plaintiff Roberta A. Carter filed an application for a period of disability and disability insurance benefits, alleging disability beginning January 31, 2001, due to fibromyalgia and recurrent major depression. (Administrative Record ["AR"] 31). On January 25, 2008, an Administrative Law Judge ("ALJ") determined the plaintiff was not disabled within the meaning of the Social Security Act. (AR 26-34).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 21-22), plaintiff filed an action in this Court.

Plaintiff makes two challenges to the ALJ's Decision denying disability benefits. Plaintiff alleges the ALJ erred in (1) improperly rejecting the opinions of the treating physician and the treating psychiatrist, and (2) failing to properly consider plaintiff's subjective symptoms and make proper credibility findings.

For the reasons discussed below, the Court finds that plaintiff's first claim of error lacks merit and plaintiff's second claim of error has merit.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ erred in rejecting the opinions of plaintiff's treating physician and treating psychiatrist. Defendant argues that the ALJ properly rejected the opinions of plaintiff's treating physician and treating psychiatrist.

A treating physician's opinion is entitled to special weight because the treating physician has a better opportunity to know and observe the claimant. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where the treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons supported by substantial evidence in the record. Id.

at 830-31.  The ALJ can meet this burden by "setting out a detailed summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

Here, there were two treating physicians. The first treating physician was Mark M. Bai, M.D., a Kaiser Permanente Medical Group family practitioner.  Dr. Bai, in his "Narrative Report," opined that plaintiff was unable to do full-time or competitive work due to fibromyalgia and a major depressive disorder.  (AR 450-51).

The ALJ determined that plaintiff had fibromyalgia and suffered from a major depressive disorder (AR 28), but rejected Dr. Bai's opinion that plaintiff was unable to do full-time or competitive work.  The ALJ rejected Dr. Bai's opinion because that opinion was based on plaintiff's statements rather than objective medical findings, and also because "the record as a whole, including other substantial medical opinion, provided substantial reason to contradict [Dr. Bai's opinion]." (AR 33).

Fibromyalgia is a disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue." Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004).  Common symptoms include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and sleep disturbance. Brosnahan v. Barnhart, 336 F.3d 671, 672 n.1 (8th Cir. 2003).  Symptoms of fibromyalgia are entirely subjective, and there are no laboratory tests for the severity of fibromyalgia. Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001).  The only symptom that discriminates between fibromyalgia and other diseases of rheumatic character is multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996).

The ALJ's finding that Dr. Bai's opinion was based on plaintiff's statements rather than objective medical findings was not a valid reason for rejecting that opinion. Contrary to the ALJ's statement, Dr. Bai's opinion was based on ten medical visits with

plaintiff during which Dr. Bai performed "Physical Exams," "Review of Systems," and "Assessment" tests (See AR 785, 792, 798, 804, 811-12, 844-45, 867), and on the notation in his "Narrative Report" that plaintiff "ha[d] been consistently tender on applying pressure to more than 11 of 18 specific muscle tendon sites" and was in constant body pain.[1]  (See AR 450). Thus, Dr. Bai's opinion was based on observation and testing of plaintiff.  Moreover, the ALJ's objection to the lack of sufficiently objective criteria to support Dr. Bai's opinion ran contrary to the fact that there are no objective tests for diagnosing the severity of fibromyalgia. See Rollins, supra, 261 F.3d at 855.

However, the ALJ also rejected Dr. Bai's opinion on the ground that the record, as a whole, provided substantial reason to reject that opinion. (AR 33).  This second reason for rejecting Dr. Bai's opinion, based on the opinion of consultive examiner Juliane C. Tran, M.D (id.), was proper.  See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").  Dr. Tran performed an orthopedic evaluation on July 11, 2005, and in the accompanying report opined that plaintiff "[had] no restriction with respect to sitting, standing, walking, bending, stooping, kneeling or crouching" and "[had] no restrictions with climbing, balancing, or working at heights." (AR 216-221).  Dr. Tran noted in the "Orthopedic Evaluation" report that plaintiff suffered from fibromyalgia and had "total body pain...in multiple places, symmetrical in location, 8/10, consistent with fibromyalgia."  (AR 218).  The ALJ therefore provided a specific, legitimate reason supported by substantial evidence in the record for rejecting Dr. Bai's opinion.  See Andrews, supra, 53 F.3d at 1041 ("Where the opinion of claimant's treating physician is contradicted, and the opinion of the nontreating source is based on independent clinical findings that differ from those of the treating physician, the

---

[1] The ALJ acknowledged plaintiff had tender points, but did not discuss the tender point aspect of plaintiff's medical condition further.  (AR 33).

4

opinion of the nontreating source may itself be substantial evidence; it is solely the province of the ALJ to resolve the conflict.").

The second treating physician was Ernest A. Zinke, M.D., a Kaiser Permanente Medical Group psychiatrist. Dr. Zinke was plaintiff's psychiatrist for several years and met with plaintiff numerous times between of 2001 and 2006 (AR 460-537), during which time he recorded "Objective" clinical findings (AR 655, 656, 659, 661-62, 664-65), assessed plaintiff's GAF at 55 (AR 452), and performed physical examinations of plaintiff (AR 655). Dr. Zinke noted in a "Psychiatric/Psychological Impairment Questionnaire" that plaintiff suffered from marked limitations in key areas of mental functioning (AR 452-59) and determined in several "Progress Note" reports that plaintiff suffered from major depression with severe recurrence. (AR 655, 657-59, 661, 664).

The ALJ rejected Dr. Zinke's opinion because it was "entirely inconsistent with the other substantial medical opinion." (AR 34). The ALJ also rejected Dr. Zinke's opinion based on the finding that clinical records did not support a determination that plaintiff was "unable to do things on the basis of mental impairments." (Id.).

The ALJ's rejection of Dr. Zinke's opinion, based on the opinions of consultive examiners Inderjit Seehrai, M.D. and William H. Soltz, M.D. (AR 33), was proper. See Andrews, supra, 53 F.3d at 1039. Dr. Seehrai performed a complete psychiatric evaluation of plaintiff on June 13, 2005, and opined in a "Psychiatric Evaluation" report that plaintiff was capable of performing simple and repetitive tasks" and may have had moderate impairment to complete complex tasks or to finish the work day. (AR 194-97). Dr. Soltz performed psychological tests on plaintiff, and opined in a Letter to the Department of Social Services that plaintiff could understand simple and complex instructions and could make simple work-related judgments. (AR 541-45). The ALJ therefore provided a specific, legitimate reason supported by substantial evidence in the record for rejecting Dr. Zinke's opinion that plaintiff suffered from a marked mental impairment. See Andrews, supra, 53 F.3d at 1041.

Thus, the ALJ properly rejected the opinions of plaintiff's treating physician and psychiatrist.

**ISSUE NO. 2:**

Plaintiff argues that the ALJ improperly determined that plaintiff's subjective complaints were not credible.  Defendant argues that the ALJ properly rejected plaintiff's subjective complaints and that the ALJ's decision to reject plaintiff's complaints was supported by the record.

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing.  Valentine v. Comm'r, 574 F.3d 685, 693 (9th Cir. 2009).

Here, plaintiff stated that she suffered from disabling pain and fatigue, and that standing for lengthy periods of time, shoulder movement, kneeling, walking and climbing stairs caused her pain.  (AR 97-186).  With respect to mental functioning, plaintiff stated she had very short term memory, difficulty understanding verbal directions and instructions, and was easily confused.  (Id.).

The ALJ concluded that plaintiff's statements concerning her symptoms were not entirely credible because plaintiff's complaints were "not consistent with the record as a whole."  (AR 32).  The ALJ noted that examiners who had evaluated plaintiff described her as having good mobility and range of motion.  (Id.).  The ALJ also noted that plaintiff was able to engage in activities typical of most individuals, such as feeding her animals, going to the grocery store, and attending church.  (Id.).  As to plaintiff's mental functioning, the ALJ stated that evidence in the record was not consistent with plaintiff's complaints of mental impairment.  (Id.).

The ALJ's reasons for discrediting plaintiff's testimony were not "clear and convincing."  First, that fact that plaintiff had good mobility and range of motion did not contradict her assertion that standing, walking, or climbing stairs caused her pain.  The

ALJ failed to discuss how good mobility and range of motion precludes the plaintiff's claim of pain. Thus, plaintiff may have had good mobility and range of motion while still suffering from substantial pain. Second, the fact that plaintiff could perform basic, non-demanding activities did not necessarily translate to the ability to sustain the demands of full-time work. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities...does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."). Finally, plaintiff's complaints of mental impairment were supported by evidence in the record that she was often distracted and that plaintiff demonstrated markedly limited understanding, memory, and concentration abilities. (AR 455, 659, 661, 662, 665, 667).

The ALJ failed to provide "clear and convincing" reasons for rejecting plaintiff's subjective complaints, and thus erred in discrediting plaintiff's testimony.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: March 3, 2011

_/s/ Stephen J. Hillman_

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE